1 | Edward S. Chang (State Bar No. 241682)
    Carly J. Schlosberg (State Bar No. 292845)
2 | JONES DAY
    3161 Michelson Drive Suite 800
3 | Irvine, CA  92612.4408
    Telephone:  +1.949.851.3939
4 | Facsimile:  +1.949.553.7539
    Email:  echang@jonesday.com
5
6 | Attorneys for Defendant
    EXPERIAN INFORMATION SOLUTIONS, INC.
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| PATRICK HALPIN, | Case No. SACV14-01439 AG (DFMx) |
|---|---|
| Plaintiff, | Assigned for all purposes to Hon. Andrew J. Guilford |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC. | **EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSE TO AND STATEMENT OF NON-OPPOSITION TO PLAINTIFF'S PETITION TO COMPEL ARBITRATION** |
| Defendant. | |

EXPERIAN'S RESPONSE AND STATEMENT OF
NON-OPPOSITION TO PETITION TO COMPEL
CASE NO. SACV14-01439 AG (DFMx)

Defendant Experian Information Solutions, Inc. ("Experian") submits this Response to and Statement of Non-Opposition to Plaintiff Patrick Halpin's Petition to Compel Arbitration.

## I.  RESPONSE TO THE PETITION TO COMPEL ARBITRATION

Because Plaintiff's Petition to Compel Arbitration is styled as a complaint, Experian responds as follows: Experian does not oppose Plaintiff's Petition to Compel Arbitration and agrees that this dispute must be arbitrated.  Experian requests that the Court order the parties to arbitration pursuant to the parties' arbitration agreement and the FAA.

Experian admits the allegations in paragraphs 2 through 4, and admits that Plaintiff alleges the terms of his arbitration agreement with Experian at paragraphs 12 through 16.

Experian specifically denies the allegations in paragraph 11 addressing the merits of Plaintiff's claims, and otherwise is without information at this time to admit or deny the allegations in paragraph 1, 5, and 17 through 21.

Experian specifically denies any other allegation not referred to herein.

## II.  EXPERIAN'S ATTEMPTS TO MEET AND CONFER

On September 18, 2014 and September 19, 2014, Experian met and conferred with Plaintiff pursuant to the spirit of Local Rule 7-3 to explain that it did not oppose arbitration, and further agreed to stipulate to arbitration on the record by submitting a joint stipulation to the Court.

Experian also recommended that Plaintiff file his demand for arbitration before the American Arbitration Association (the "AAA"), explaining that the AAA's July 21, 2014 letter declining to administer Plaintiff's claim was based on an administrative error and misunderstanding of the AAA that has since been resolved between Experian and the AAA (*see* Exh. A, correspondence from the

AAA to Experian confirming clause registration and agreeing to arbitrate claims between Experian and consumers).

Experian further explained that the AAA is now ready and willing to administer claims between Experian and its consumers. Plaintiff opposed this request and recommendation, and refused to stipulate to arbitration without a court order.

Experian will be prepared to address these issues at the expedited scheduling conference on October 6, 2014.

Dated: September 30, 2014

Respectfully Submitted,

JONES DAY

By: */s/ Edward S. Chang*
    Edward S. Chang
    Carly J. Schlosberg

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.